**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

GARY DEE BICE,                          )
                                        )
      Plaintiff,                      )
                                        )
   vs.                                  )          Case No. 1:26-cv-00064-MTS
                                        )
ANDREA BETH COTNER,                     )
                                        )
      Defendant.                      )

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Gary Dee Bice's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. [2], and his Motion to Appoint Counsel, Doc. [3].  The Court will deny each Motion.  Federal law requires prisoners seeking to proceed without prepayment of fees to "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2).  Plaintiff failed to do so even though the application he completed also noted this requirement.  Doc. [2] ("I have attached to this document a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months for any institutional account in my name.").

No later than **Friday**, **May 08, 2026**, Plaintiff Bice must either (1) prepay the entire $405 filing fee or (2) properly complete a new application to proceed in district court without prepaying fees or costs and submit it along with a <u>certified</u> copy of his

inmate account statement.  If he fails to do one of those two options, the Court will dismiss his action without further notice.

The Court also will deny his Motion to Appoint Counsel.  Doc. [3].  *First*, he has not properly shown he is indigent for the reasons explained above.  *See* 28 U.S.C. § 1915(e)(1).  *Second*, he failed to complete the entirety of the Motion.  Doc. [3].  And *third*, this case does not, at least at this stage, appear to be one where the appointment of counsel is appropriate.  *See Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (discussing the "relevant factors" a district court should consider when "determining whether to appoint counsel for an indigent civil litigant"); *see also Carter v. Broward Cnty. Sheriff's Dep't Med. Dep't*, 558 F. App'x 919, 923 (11th Cir. 2014) (per curiam) (noting that a district court should only appoint counsel to an indigent plaintiff "in exceptional circumstances").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Gary Dee Bice's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. [2], is **DENIED**.  No later than **Friday**, **May 08, 2026**, Plaintiff must prepay the filing fee or submit a proper application and certified account statement consistent with this Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel, Doc. [3], is **DENIED**.

Dated this 9th day of April 2026.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

- 2 -